**GARBO, Plaintiff, v. WALKER, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 661071. Decided June 25, 1955.

## OPINION

By NICOLA, J:

In the instant case the defendant filed a demurrer to plaintiff's petition on the ground that said petition did not state facts sufficient to constitute a cause of action. Said demurrer was overruled by this court. Thereafter the plaintiff filed an amended petition to which the defendant also demurred. We are now called upon to review our former decision in the light of the amendment and of the briefs filed by counsel for both parties.

The negligence charged against the defendant is that "she was

careless and negligent in parking her automobile at a place which she knew to be highly congested and very densely populated and leaving the same with the ignition key in the ignition lock in violation of a city ordinance when she knew or in the exercise of ordinary care should have known that some person or persons could reasonably be expected to wrongfully take possession of said automobile and in their haste to escape with said automobile, such person or persons could reasonably be expected to cause injury to other users of the highway."

What are the facts, therefore, in the amended petition upon which this charge is based and which the demurrer challenges as being insufficient to constitute a cause of action?

The defendant alleges that Woodland Avenue and East 33rd Street are duly dedicated public highways in the City of Cleveland; that the former runs in a general easterly and westerly direction and the latter in a northerly and southerly direction; that the neighborhood in the vicinity of the intersection of said streets is and is well known to be highly congested and very densely populated; that on or about the second day of August, 1953, the defendant was operating her husband's automobile and carelessly and negligently parked the same in a place she knew to be highly congested and densely populated and left the keys thereof in the ignition. That some person wrongfully took possession of defendant's automobile and said person or persons unknown, in their haste to escape in defendant's automobile, operated the same in a southerly direction on East 33rd Street on to Woodland Avenue crossing into the lane of traffic designated for the use for eastbound traffic on Woodland Avenue, thereupon colliding with the automobile in which plaintiff was riding and which was being operated in an easterly direction in said east bound traffic lane. This caused plaintiff to be thrown about in the interior of said automobile which injured her person.

It is further set forth in the petition that there was in full force and effect the following ordinance of the City of Cleveland:

"Ordinance No. 1203-A-46 a. n. a. 9.0936 certified ordinances of the City of Cleveland.

" 'No person shall park a motor vehicle upon any street or highway in the City of Cleveland unless he shall first lock the ignition, remove the key therefrom and take such key with him. Any person violating the provisions of this section shall upon conviction thereof be subject to the penalties provided in Section 9.3701 (b) but such violation shall be subject, however, to the waiver provided in Section 9.3704.' "

The amended petition then sets out in extenso the injuries which the plaintiff sustained.

In support of her demurrer, the defendant argues that leaving the keys in the ignition by her was not negligence per se and if the Court finds to the contrary, then said negligence was not the proximate cause of the collision. She maintains that the negligent driving of the automobile by the "borrower" thereof was the intervening cause and therefore the proximate cause of said accident for which she is not responsible.

The plaintiff maintains that the violation of the above ordinance,

370

specific in its command, is negligence per se; that in the instant case under the circumstances and conditions alleged, the question of whether such negligence on the part of the defendant, is a proximate cause of the accident, is for the jury to decide under proper instructions of the Court, since reasonable minds could very well differ as to whether the defendant might or should, have foreseen the consequences that followed her negligent parking with the keys in the ignition.

Unquestionably the thief or "borrower" of the car was negligent in its operation and that his negligence was a proximate cause of said accident.

Our inquiry then is to determine whether the defendant was negligent, and then, whether said negligence was also a proximate cause of said accident.

The defendant in approaching the subject adverts to the fact that our Ohio Supreme Court has held that an automobile is not a dangerous instrument like a gun or a saber. This is of no consequence in the case at bar for the charge first made is the negligent parking of said automobile. However, an automobile in the hands of an incompetent or negligent person may be more dangerous than either a saber or a gun. An automobile negligently operated may kill or wound by wholesale if run into a crowd, while a gun or saber negligently used can kill or wound only one. The public press last week carried the result occurring on a French race track wherein a negligently operated racing car was run into the spectators killing seventy and injuring many others. The automobile is becoming more and more a danger to the public because of the increase in the traffic upon the highways and the greater motive power, and its greatly increased speed.

Our inquiry leads first to the decisions of the Federal Courts, next, to the decisions of sister states and lastly to the decisions of our Ohio Courts.

(1) In Ross v. Hartman, 139 Fed. 2nd 14, the facts are **identical** with the facts in the instant case. The Court's decision concurred in by all the judges reasoned that if the defendant in creating the hazard which the ordinance was intended to avoid, brings about the harm which the ordinance was intended to prevent, it is a legal cause of the harm. Leaving a car with keys in it "creates much more risk that meddling by children, thieves or others will result in injuries to the public. The ordinance is intended to prevent such consequences. In such circumstances the fact that a third person does act improperly is not an intelligible reason for excusing the defendant."

It concludes "since it (the ordinance) is a safety measure, its violation is negligence. This negligence created the hazard and thereby brought about the harm which the ordinance was intended to prevent. It was therefore a legal or 'proximate' cause of the harm."

In Schaff v. Claxton, 144 Fed. 2nd, 532, it was held by the same court that a case should be submitted to the jury as to whether the defendant's driver was negligent and that his negligence was a proximate cause of an accident which happened when defendant's driver left his truck with the keys in it, in the parking lot of the restaurant to which he was delivering goods, and the employees of the restaurant drove

off with the truck and injured the plaintiff. The parking place was not a public parking place.

(2) The better reasoning of state courts is found in Ney v. Yellow Cab Co., 348 Ill. App. 161. A taxi driver left his automobile in the street with the keys in the ignition and the motor running. It was stolen by a person who operated the cab negligently and injured the plaintiff. The Court ruled that

"Syl. 3—

"For an action or omission to constitute the proximate cause of an injury, the injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act; and while an intervening and efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury, the intervention of independent concurrent or intervening forces will not break the causal connection if the intervention of such forces was itself probable or foreseeable."

"Syl. 6—

"Where a defendant's taxicab was left standing on a street unattended while the motor was running and a thief stole the taxicab and while in flight ran into plaintiff's vehicle, causing property damage, the question whether the defendant was negligent and whether the plaintiff's injury was the proximate cause of such negligence are questions of fact for a jury to decide."

The defendant in her brief quotes at length from Cockrell v. Sullivan, 344 Ill. App. 620 wherein the court refused to follow the decision in Ostergard v. Frisch, 333 Ill. App. 359, which decision was in favor of liability on the part of the injured party against the owner of the automobile. The defendant apparently was not advised that in the Ney Case, supra, decided by the highest Court of Illinois, approved the rule laid down in the Ostergard case and decided against the rule of the Cockrell case upon which the defendant relied. Both the appellate cases above set forth are discussed in the Ney case decided in 1954.

In Richard v. Stanley 271 Pac. 2nd 23 (California), we find the facts to be the same as in the instant case except that the ordinance provided for the removal of keys from unattended non-commercial vehicles and authorizing police officers to take keys left in cars and turn them into the nearest police station. But the ordinance also provided that it "should not be admissible as evidence in any civil actions." For this reason the Court held the ordinance had no bearing in a civil suit and could not be offered in evidence. A majority of the court found it would not be proper to submit the case to the jury on the matter of proximate cause. A minority (3) dissented. The majority of the court stated that had not this ordinance provided that it "should not be admissible as evidence" they would have decided against nonsuiting of the plaintiff. On page 25, the court says:

"Given a statute prohibiting the leaving of the key in an unat-

tended vehicle on the public street, it could reasonably be contended that the legislature had established a duty on the part of the motorist to protect persons on the streets from any damages caused by thieves driving stolen automobiles."

The Court cites with approval Ostergard v. Frisch; and Ross v. Hartman, Supra (the Ney case had not yet been decided).

The rule in Massachusetts is contrary to the plaintiff's contention—contrary to the Federal decisions and to the decisions of the Supreme Courts of Illinois and California. Both the Federal decisions and the State Courts above quoted submit to the jury whether the negligence of the motorist was a proximate cause of the accident with the instruction that the jury should find that said negligence could have been reasonably anticipated by said motorist or reasonably foreseeable by him.

We have no case in Ohio exactly on the point but the rule of reasonable foreseeability has been applied in principle in cases quite similar to the one at bar.

We must keep in mind that it was long ago held in Ohio that the violation of a Municipal Ordinance passed in the proper exercise of the police power in the interest of public safety and not in conflict with general laws, is negligence per se. **Schell v. Dubois, 94 Oh St 93.**

Thus, where one delivering coal backed his truck across the sidewalk, and same extended into street blocking pedestrian traffic on sidewalk and a child was compelled to go out into the street to get around the truck and was there struck by an automobile, question of proximate cause was for the jury.

**Denison C. & S. Co. v. Bartelheim, 122 Oh St 374.**

The Court charged the jury (p. 378) that the verdict should be for the defendant unless the jury found that the defendant was negligent and that its negligence "was the proximate result of the natural and probable consequence of the negligence alleged against the defendant" company; "that is such consequence as under the surrounding circumstances as disclosed by all of the evidence in this case might or should **have been foreseen or anticipated by the defendant** The Denison C. & S. Co. as likely to follow the alleged negligence."

At first blush, it may be said that a child was involved and a different rule applies. It seems to us that the rule as to the duty of the truck owner is always the same but the defense of contributory negligence of the plaintiff is different as applied to acts of minors of tender years.

In **Mudrich v. The Standard Oil Company, 153 Oh St 31**, the defendant company's driver in filling gas tanks at one of its stations, spilled some gasoline on the ground leaving two small puddles thereof. Several hours later two boys came to the gas station as they were want to do and one of them lit a match and threw it into the gasoline. Of course, it flared up and the other boy in trying to put out the fire jumped in it and was seriously injured. Demurrers were overruled as well as motions at the close of plaintiff's evidence and at the conclusion of all the evidence. The jury returned a verdict for the plaintiff. Our Supreme Court stated—

"It is a matter of common knowledge that matches, the lighting of

fires, and fire itself, are almost irresistible to young children and we cannot say as a matter of law that it cannot reasonably be foreseen that if gasoline is carelessly left in pools on premises where children congregate and play, these pools will be set afire and in attempting to extinguish the fire the child or children will be burned. Whether such consequences were reasonably foreseeable presented a question upon which reasonable minds might differ, and, therefore, under proper instructions as to the proximate cause, which were given in the instant case by the trial court, **the question of foreseeability was one for the jury.**"

The latest decision that involves the same question that is now before us is that of **Tanzi v. Railroad Company, 155 Oh St 149.** The pertinent facts disclose that about 1:30 A. M. the plaintiff, Sara Tanzi, while standing on a sidewalk at a bus stop located on the east side of West 130th Street in Cleveland, about 35 to 50 feet south of the crossing of four railroad tracks of the defendant Company was seriously injured when struck by an automobile driven north by the defendant Jerman, who swerved to his right off of the street to avoid a collision with a slow moving freight train of the railroad which was crossing or about to cross in front of his automobile. The railroad maintained two watchmen at this crossing throughout the day and night—there being no flasher system or gates at said crossing. The plaintiff Tanzi instituted her action against both the railroad and Jerman. The defendant Jerman did not see any signal given or hear any whistle or bell. He had driven within fifty and not more than one hundred feet from the tracks before he knew a train was coming. The Court charged the jury that there was no question that Jerman's negligence was a proximate cause of the accident but the jury returned a verdict against the Railroad Company for $67,500 and returned a verdict in favor of Jerman as against the plaintiff. The Court set it aside because the negligence of Jerman being a proximate cause of the accident, the verdict clearly indicated on its face that it was not a verdict of reasonable minds. In discussing the proximate cause of the accident the Court said, "We believe that it is not unreasonable to permit a jury to determine that the **railroad should have anticipated** negligence such as Jerman's, the immediate effect of the railroad's negligence thereon and the immediate consequences to this plaintiff of their combination. It is common knowledge that, notwithstanding all the precautions which may be taken by a railroad to prevent grade crossing accidents, a substantial number of motorists continue to be negligent in approaching railroad grade crossings and then to take emergency action to avoid the consequences of their negligence. Furthermore, it is common knowledge that individuals, such as plaintiff will be waiting at a bus stop such as the one in the instant case and apt to be immediately injured at least when it is dark by the emergency actions so taken. **On this problem our conclusion is that if the jury found those facts which we have indicated that the jury could have found then, there was a jury question as to whether the railroad's negligence was a proximate cause of plaintiff's injury.**"

Syllabus No. 5 reads as follows:

"Where a railroad customarily provides a watchman to warn of all approaching trains at a crossing and the driver of an automobile ap-

proaching the crossing at night reasonably relies on the watchman so warning, and where such watchman fails to warn such driver that a train is about to occupy that crossing and such failure to warn induces ·such driver, even though such driver is negligent in so doing, to approach the crossing at a speed substantially greater than he would have used if a warning had been given, a jury may reasonably find that such failure of the watchman to· warn is a proximate contributing cause of injuries to a party standing at a bus stop on the sidewalk near that crossing and injured when such driver suddenly turns his automobile onto the sidewalk in an emergency effort to avoid colliding with such train."

The Court cites with approval the case of **Mudrich v. Standard Oil Company, 153 Oh St 31** supra.

We must conclude that the 'doctrine of reasonable anticipation or foreseeability of the consequences of one's negligent acts is clearly a part of the negligence law of Ohio. But is it applicable in the instant case?

We can not be unmindful that we live in an age of change. Atomic power, television, jet propulsion, electronics and many other advancements and discoveries were unheard of in the early days of some of us, except as then imagined by writers like Jules Verne. The automobile was invented in this century. The Supreme Court of Illinois put the problem facing us in the following language:

'"* * * The increase in population and number of motor vehicles owned and operated in this country in the past few years is well known. The increase of casualties from traffic accidents is a matter of common knowledge and concern. The incidence of automobile thefts and damages and injuries resulting from such larcenous escapades has accordingly increased. Juvenile delinquency has reached proportions alarming to everyone. * * * Comparative regard and disregard for the rights and property of others have not been unaffected. Automobiles, once considered a luxury, are now considered by many to be a necessity. The man who once walked a mile now drives a block. The speed and power of automobiles have increased to the extent that safety experts are now showing keen awareness of their potentials even in the hands of rightful owners and careful operators. **Incidents of serious havoc caused · by runaway thieves or irresponsible juveniles in stolen or 'borrowed' motor vehicles frequently shock the readers of the daily press.**"

In addition to the foregoing, one may recall to mind what is common knowledge that in this country 100,000 cars were stolen by juveniles in 1953 with the resulting damages to the owners of $150,000,000.

This gives us the picture in a measure as to what is happening in our land. This picture is accentuated in the instant case when we consider that the defendant parked her car on a street in a densely populated and congested area with which she was familiar and that said car was driven over such streets by the person who stole it.

We. are therefore constrained to the conclusion that the question of whether the defendant in leaving the key in the ignition of her car could reasonably anticipate or foresee that it might be stolen and negligently used by another to proximately cause damage to plaintiff, was

one for the jury. So concluding, the Court must overrule defendant's demurrer in this case.

Similar pleadings have been filed in Cases Nos. 661,072, 661,073 and 661,074 by the other passengers of the car in which plaintiff was riding involve the same questions. This decision therefore will apply to each of said cases.

Demurrers overruled.