CORINTI *v.* WITTKOPP.

1. Automobiles—Damage to Others by Thieves—Statutes—Ordinances.

  A motor vehicle driver has no duty to protect others from the actions of thieves who steal his car with the use of the driver's own keys, in the absence of a statute or ordinance and even when there is such legislation protecting third persons it must appear damage was caused in the act of thievery or in immediate pursuit thereof.

2. Same—Damage to Property by Stolen Car—Ordinances—Ignition Keys.

  Plaintiff, owner of fence and grape arbor which were damaged by car, owned by defendants and in which defendant wife had left ignition keys contrary to ordinance of city in which damage occurred, *held,* not within class of persons ordinance was designed to protect, where damage was not inflicted as a result of the act of theft or in immediate pursuit thereafter (Muskegon Ordinances, § 54, as amended April 13, 1948).

3. Negligence—Foreseeable Danger.

  Duty is measured by the scope of the risk which negligent conduct foreseeably entails, and in each case a plaintiff must bring himself within the class of persons threatened by the defendant's conduct.

Appeal from Muskegon; Beers (Henry L.), J. Submitted October 10, 1958. (Docket No. 33, Calendar No. 47,910.) Decided January 12, 1959.

Case by Joseph Corinti against Albert Wittkopp and Dolly Wittkopp for personal property damage

---

References for Points in Headnotes
[1, 2] 5A Automobiles and Highway Traffic §§ 241, 622

done by automobile stolen when key was left in ignition lock. Declaration dismissed. Plaintiff appeals. Affirmed.

*Poppen, Street & Sorensen* (*Harold M. Street,* of counsel), for plaintiff.

*Engle & Engel* (*Albert J. Engel, Jr.,* of counsel), for defendants.

EDWARDS, J.  The city of Muskegon passed an ordinance in 1948 making it unlawful to leave the ignition key in an automobile parked upon a public street.  In this case plaintiff claims that defendants' violation of that ordinance resulted in defendants' automobile doing considerable damage to plaintiff's grape arbor, while it was being driven by a thief seeking to escape a police chase.

The detailed facts are set out thus in plaintiff's declaration which the circuit judge dismissed on motion, thus presenting to us on plaintiff's appeal a question which has not heretofore been decided in this State:

"That plaintiff is informed and believes and alleges the truth to be that on the evening of August 21, 1957, the defendants left their said automobile parked in the 1600 block on Elwood street, a public street, in the city of Muskegon, and did neglect to remove the ignition key therefrom, contrary to the provision of section 54 of the ordinances of the city of Muskegon then and there in force, which read as follows:

" 'UNATTENDED MOTOR VEHICLES.  No person having control or charge of a motor vehicle shall allow such vehicle to stand on any roadway unattended without first effectively setting the brakes thereon and stopping the motor of said vehicle, and when standing upon any grade without turning the front

wheels of such vehicle to the curb or side of the roadway.

" 'Every person parking a motor vehicle in any public street or alley in the city of Muskegon shall remove and take with him the key or keys to the ignition thereof and it shall be unlawful for any person to so fail to remove such key or keys. (As amended April 13, 1948.)

" 'In connection with the above, it shall be presumed that the owner of the motor vehicle was the operator thereof unless and until said owner shall, by competent evidence, establish that some other person was on said occasion, operating said motor vehicle. (As amended April 13, 1948.)'

"That the thing the aforesaid ordinance was designed to prevent occurred. During the evening of August 21, 1957, or the early hours of the morning of August 22, 1957, a juvenile by the name of Donald Fowler was tempted to and did unlawfully take and drive the said automobile away by turning the ignition key which defendants had negligently left therein, starting the engine and driving away; that the said Donald Fowler was a reckless and dangerous driver who had previously been charged and convicted of a number of traffic offenses; that some time after the said Donald Fowler had taken the car, he attracted the attention of the police who attempted to stop him; that in an effort to elude the police, the said Donald Fowler drove the car in a reckless and negligent manner in a westerly direction on Marquette avenue at speeds upwards of 80 miles per hour.

"That as the said Donald Fowler approached the intersection of Marquette avenue and Agnes street in the city of Muskegon, he lost control of the vehicle, veered first to the right and then across Marquette to the left, where the vehicle crashed through plaintiff's fence and into plaintiff's grape arbor, uprooting a large number of plaintiff's grape vines and causing the damage complained of herein."

At oral argument before this Court counsel for both parties agreed that a proper construction of the declaration would hold that the accident and damage did not occur in the act of theft or in immediate pursuit thereafter. It should also be added that the parties stipulated for purposes of the motion to dismiss that the person alleged to have stolen the automobile was a complete stranger to defendants, and that the sole person responsible for leaving the keys in the automobile was defendant Dolly Wittkopp, the wife of the owner.

The trial judge's opinion indicates that plaintiff conceded that the case should be dismissed as to Albert Wittkopp. He then discussed whether or not the declaration stated a case of actionable negligence against the remaining defendant, finally concluding that the damage which resulted from the thief's driving was not a foreseeable result of defendant's violation of the ordinance, and granted the motion to dismiss.

Although we have no Michigan precedent upon the specific question submitted by this case, there have been many decisions in other jurisdictions construing similar ordinances or statutes in the light of somewhat similar fact situations. Many of these are gathered in a 1957 ALR annotation, 51 ALR2d 633, Automobile—Started by Stranger, Thieves, § 17, p 662.*

In the absence of statute or ordinance, it is generally held that a driver has no duty to protect others from the actions of thieves who steal his car with the use of the driver's own keys. *Kiste* v. *Red Cab, Inc.,* 122 Ind App 587 (106 NE2d 395) ; *Richards* v. *Stanley,* 43 Cal2d 60 (271 P2d 23) ; *Saracco* v. *Lyttle,* 11 NJ Super 254 (78 A2d 288) ; *Castay* v.

---

* For more recent discussion of the same general problems, see *Farley* v. *Sley System Garages, Inc.,* 187 Pa Super 243 (144 A2d 600) ; *Torrack* v. *Corpamerica, Inc.,* 51 Del — (144 A2d 703).

*Katz & Besthoff* (La App), 148 So 76. *Contra: Schaff* v. *R. W. Claxton, Inc.,* 79 App DC 207 (144 F2d 532).

Even where there was a statute or ordinance prohibiting leaving the key in the ignition, most State courts have held that theft of an automobile left with key in ignition by the driver severed, as a matter of law, any possible causal relation between the violation of the ordinance or statute and the ultimate damage occasioned by the thief. *Anderson* v. *Theisen,* 231 Minn 369 (43 NW2d 272); *Slater* v. *T. C. Baker Co.,* 261 Mass 424 (158 NE 778); *Gower* v. *Lamb* (Mo App), 282 SW2d 867; *Lotito* v. *Kyriacus,* 272 App Div 635 (74 NYS2d 599), appeal dismissed, 297 NY 1027 (80 NE2d 542).

Some cases have, however, held that where the injury or damage occurred in the actual act of theft or immediate pursuit thereafter, a duty to protect against such injury or damage was imposed by the statute or ordinance, and that there were questions of fact for the judge or jury as to whether the surrounding circumstances indicated the driver should reasonably have foreseen the danger to plaintiff and whether or not his violation was a proximate cause of the injury and damage. *Ostergard* v. *Frisch,* 333 Ill App 359 (77 NE2d 537); *Ney* v. *Yellow Cab Co.,* 2 Ill2d 74 (117 NE2d 74, 51 ALR2d 624); *Garbo* v. *Walker,* 57 Ohio Op 363 (129 NE2d 537). Under a similar fact situation, one court has held the driver who admitted leaving his keys responsible as a matter of law. *Ross* v. *Hartman,* 78 App DC 217 (139 F2d 14, 158 ALR 1370), certiorari denied, 321 US 790 (64 S Ct 790, 88 L ed 1080).

The questions of duty and proximate cause posed by such cases are interesting from the point of view of legal theory. 2 Harper & James, The Law of Torts, 1139 n 20; 14 Mo L Rev 128 (1949); 34 Iowa L Rev 376 (1949); 1951 Wis L Rev 740.

See, also, *Palsgraf* v. *Long Island R. Co.,* 248 NY 339 (162 NE 99, 59 ALR 1253).

We do not, however, need to explore them exhaustively or decide them in this case. As we have noted, the declaration filed herein indicated that the damage did not result from the act of theft or immediate pursuit thereafter.

We believe the liability sought to be imposed by this suit is clearly beyond the scope of duty imposed by this ordinance.

"Under the [prevailing] view inquiry is made into *why* the particular act or omission complained of was negligent. This will be because the offending conduct foreseeably involved unreasonably great risk of harm to the interests of someone other than the actor. This view would limit the scope of the duty accordingly: the obligation to refrain from that particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous. Duty, in other words, is measured by the scope of the risk which negligent conduct foreseeably entails.  *  *  * It means that in each case plaintiff must bring himself within the class of persons threatened by defendant's conduct. 'Proof of negligence in the air, so to speak, will not do.' " 2 Harper & James, The Law of Torts, § 18.2, pp 1018, 1019.

Those cases which have allowed recovery (*Ostergard, Ney, Garbo, Ross, supra*) have apparently interpreted similar statutes and ordinances as designed to promote public safety by preventing car thefts, and, hence, the statutes or ordinances have been interpreted as imposing on drivers a duty to remove keys running to the benefit of those whose injury in the act of theft of the car might reasonably be foreseen.

To our knowledge, no court has yet held such a statute or ordinance to impose upon a driver a duty to remove his keys running to the benefit of any person whom a thief or his successor in possession might meet and injure hours, days or weeks after the theft.

We cannot hold on the facts in this case that plaintiff was within the class of persons which this ordinance was designed to protect.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.