LIBERTO *v.* HOLFELDT

[No. 56, September Term, 1959.]

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■
■■■■     ■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■   ■■■

■■■■■

*Decided November 25, 1959.*

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert S. Rody,* with whom were *Julius G. Maurer* and *H. Morton Rosen* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*John F. King* and *Anderson, Barnes & Coe* on the brief for the appellee.

HORNEY, J., delivered the opinion of the Court.

This action in tort, based on a violation of the statute requiring removal of the ignition switch key from a motor vehicle when it is permitted to stand unattended, presents a novel question to this Court.

The appeal is from a judgment absolute for costs entered

by the Superior Court of Baltimore City, after the granting of a motion for a directed verdict in favor of Jean L. Holfeldt (the defendant and owner of the stolen automobile), against Samuel Joseph Liberto (the plaintiff and owner of the automobile in which he was injured), who had sued the defendant for personal injuries and property damage arising out of the collision between their respective automobiles at a time when the defendant's automobile was being operated by a stranger, who was apparently the thief:

On February 12, 1958, the defendant, in leaving her automobile unattended, neglected to remove the key from the ignition switch while she went into an animal hospital to get her dog. "Not a minute" later, when she returned to the place she had parked it, the automobile was gone. She reported the theft at once to the police but it was not immediately recovered. Five days later, the stolen automobile, while it was being operated by Robert Johnson (Johnson), was driven through a red traffic signal at the intersection of Monroe and Pratt Streets—which intersection is a considerable distance across the city from the animal hospital at 3015 Greenmount Avenue—and collided with the automobile of the plaintiff, causing the injuries and damages for which he sued. Johnson fled the scene of the accident, but was subsequently apprehended. Although he was joined as a party defendant, he was not summoned and was in prison when this case was tried, it having been continued as to him. It was conceded that Johnson was operating the automobile of the defendant without her authority.

The plaintiff, claiming that the act of violating the provisions of Code (1957), Art. 66½, § 247, tended to establish negligence on the part of the defendant, contends that the lower court should not have granted the motion for a directed verdict and argues that the violation of the statute was at least *one* proximate cause of the accident even though, perhaps, it was not the *sole* proximate cause. The statute admittedly violated provides:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without

first stopping the engine, locking the ignition and *removing the key* [emphasis added], or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or the side of the highway."

Although this Court has on a previous occasion dealt with this statute as it applied to setting the brakes and turning the front wheels, we have never been required until now to construe it with respect to the effect of failure to remove the ignition key.

In *Hochschild, Kohn & Co. v. Canoles,* 193 Md. 276, 283, 66 A. 2d 780, 783 (1949), we stated that "[t]he purpose * * * [of the statute] was either to prevent some unauthorized person from starting a car or to prevent the start of a car by gravity. In either case the object was the protection of the public." Thus, basically two interrelated questions are presented by the ruling in this case that the defendant was not liable for damages as a matter of law, *i.e.*: (i) did the act of violating the statute constitute a breach of a duty owed to the plaintiff; and, if that be established, then (ii) was the negligent act of leaving the key in the ignition switch the proximate cause of the injuries sustained.

Even though the violation of a statute may create a *prima facie* presumption of negligence, the mere breach is not *per se* enough to make a violator thereof liable for damages. See *Kelly v. Huber Baking Co.,* 145 Md. 321, 125 A. 782 (1924), and cases therein cited. So that in this case, in which the overall question of foreseeability is destined to play an important part in determining the answer to both of the interrelated questions presented by this appeal, it was incumbent upon the plaintiff, in order to recover damages from the defendant, to show not only a duty owed to the plaintiff and a breach thereof, but also to establish that the breach of that duty had not been interrupted by a break in the chain of causation. Cf. *Bowman v. Williams,* 164 Md. 397, 165 A. 182 (1933).

(i)

There are cases which reach a different result,[1] but we hold as have a majority[2] of the courts in other jurisdictions that the injury incurred by the plaintiff was too remote both as to time ["five days later"] and space ["a considerable distance across the city"] from the negligent act of the defendant in not removing the ignition switch key. *Wannebo v. Gates,* 227 Minn. 194, 34 N. W. 2d 695 (1948). See also Annot., 51 A.L.R. 2d 633, 662 (1957). The duty to the public created by the statute was primarily to protect against a theft of or tampering with a motor vehicle and to prevent them from moving under their own momentum should the brakes fail. Such duty, in all reasonableness, cannot be said to extend to all the world, but must be a foreseeable duty to a class of which the plaintiff was a member. See *Resavage v. Davies,* 199 Md. 479, 487, 86 A. 2d 879, 883 (1952). If a duty not to injure was created by the statute, it must be one of more immediate foreseeability and not so remote as was the case here. In the recent case of *Corinti v. Wittkopp,* 355 Mich. 170, 93 N. W. 2d 906 (1959), the Court in interpretating the effect of a statute almost identical with § 247, *supra,* stated [at p. 909]:

1. See, for example, *Ross v. Hartman,* 78 App. D. C. 217, 139 F. 2d 14 (1943) [accident occurred two hours after theft] and *Ostergard v. Frush,* 333 Ill. App. 359, 77 N. E. 2d 537 (1948) [accident occurred six and one-half blocks away apparently on day of theft]. And compare *Ney v. Yellow Cab Co.,* 2 Ill. 2d 74, 117 N. E. 2d 74 (1954) and *Garbo v. Walker,* 129 N. E. 2d 537 (C. P., Ohio, 1955) in both of which the thief was fleeing scene in stolen automobile when accident occurred. In *Ney* causation was held to be a jury question though a dissent stated the theft was not the proximate cause. In *Garbo* the theft was held to be a jury question as to foreseeability and causation.

2. In those jurisdictions having statutes similar to ours, a majority of courts have held that the theft was not a proximate cause. In addition to those referred to in the body of this opinion, see, among others, *Slater v. T. C. Baker Co.,* 261 Mass. 424, 158 N. E. 778 (1927); *Galbraith v. Levin,* 323 Mass. 255, 81 N. E. 2d 560 (1948); *Gower v. Lamb,* 282 S. W. 2d 867 (Mo. Ap. 1955); *Permenter v. Milner Chevrolet Co.,* 229 Miss. 385, 91 So. 2d 243 (1956).

"To our knowledge, no court has yet held such a statute * * * to impose upon a driver a duty to remove his keys running to the benefit of any person whom a thief or his successor in possession might meet and injure hours, days or weeks after the theft."

(ii)

The second interrelated problem presented is that of causation. While proximate cause is closely related to a duty owed, the two have been distinguished as to the degree of reasonable foreseeability involved. *Resavage v. Davies, supra.* The violation of the statute must be the proximate cause of the injury, and if he fails to prove that fact, the plaintiff cannot sustain his cause of action. *Austin v. Buettner,* 211 Md. 61, 124 A. 2d 793 (1956). Again, we agree with the majority of the courts and hold that in this case the negligence of the defendant was not the proximate cause of the injury both on the basis that it was not foreseeable that the thief would be involved in an accident five days later and that the negligence of the thief was an independent intervening cause which was in fact the proximate cause of the accident. *Anderson v. Theisen,* 231 Minn. 369, 43 N. W. 2d 272 (1950); Annot., 51 A.L.R. 2d 633, 663 (1957). See also *Bloom v. Good Humor Ice Cream Co.,* 179 Md. 384, 387, 18 A. 2d 592 (1941) [where negligence of one person is merely passive and potential and negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and fixes the liability].

While it is true that duty and causation are normally questions of fact for the trier of the facts to decide, nevertheless, when the facts are not disputed and it is certain that reasonable minds could draw but one inference from such facts, as in the present case, the issue may be resolved as a matter of law.

Since the granting of the motion for a directed verdict was proper, the judgment absolute entered thereon will be affirmed.

*Judgment affirmed, the appellant
to pay the costs.*