BRILL *v.* WILBANKS ET AL.

[No. 190, September Term, 1959.]

*Decided April 12, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Harry S. Shapiro,* with whom was *Paul B. Engel* on the brief, for appellant.

The Court declined to hear argument for the appellees. *Dickerson, Nice & Sokol, Max Sokol, Emanuel H. Horn* and *Melvin J. Sykes* on the brief.

PER CURIAM.

The plaintiff failed to amend after the court sustained a demurrer to his amended declaration, judgment in favor of defendants for costs was entered, and the plaintiff appeals.

The amended declaration alleges that the plaintiff was injured on August 4, 1957, while standing on Biddle Street in Baltimore when he was struck by an automobile driven by a thief who had stolen it from the used car lot of the defendants on East Fayette Street. It was alleged that the lot was easily accessible to the public and was in an area known by the defendants "to be frequented by thefts of automobiles by unauthorized, unqualified and dangerous drivers," and that the ignition was in such a position as to enable anyone, including the thief, to start and drive the car without the use of a key. It was charged that the defendants owed a duty to "the general public, including the plaintiff," to take precautions in order to eliminate the possibility that the car would be stolen. Reliance was put on Code (1957), Art. 66½, Sec. 247, which provides: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brakes thereon and turning the front wheels to the curb or side of the highway."

It is to be noted that the declaration does not state how long the car had been on the lot nor how long after it had been stolen the accident happened. It does not specify the negligence of the driver—indeed does not allege directly that he was negligent.

If it is assumed that the declaration charges negligence on the part of the driver and that the statute relied on is applicable to cars on private property, assumptions as favorable as the plaintiff could expect, the declaration failed under our recent holding in *Liberto v. Holfeldt,* 221 Md. 62, 155 A. 2d 698, (a) to show a breach of duty owed by the defendants to the plaintiff; and (b) to establish that a breach of such a duty had not been interrupted by a break in the chain of causation. In the *Liberto* case, where the plaintiff was injured when his car was struck by defendant's car, then being

driven by a thief who had stolen it while the owner had left it at the curb momentarily with the key in the lock, we affirmed a summary judgment for the owner of the automobile. The case is controlling here.

*Judgment affirmed, with costs.*