John D. McALLISTER, Appellant,

v.

Roy D. DRIEVER, t/a Skyway Auto Parts, Appellee.

No. 8892.

United States Court of Appeals

Fourth Circuit.

Argued March 28, 1963.

Decided June 3, 1963.

Marvin Ellin, Baltimore, Md., for appellant.

Thomas G. Andrew, Baltimore, Md., (A. Freeborn Brown, Bel Air, Md., and Rollins, Smalkin, Weston & Andrew, Baltimore, Md., on brief) for appellee.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

514

BOREMAN, Circuit Judge.

This is an appeal by plaintiff, McAllister, from the District Court's grant of motion for judgment n. o. v. in favor of defendant, Driever, after the jury had returned a verdict awarding damages to McAllister for personal injuries and damages to his automobile resulting from collision with Driever's unattended tow truck.

At the time of the collision, approximately 4:00 A.M. on May 31, 1961, defendant's unattended and unlighted tow truck was standing motionless in the right westbound lane of U. S. Route 40 near Havre de Grace, Maryland, about 150 feet from Driever's service station building. The jury finding, unchallenged here, was that McAllister, traveling west in the right-hand lane of U. S. Route 40 at a speed less than posted limit and in darkness, was not guilty of contributory negligence. The evidence showed that at about 10:00 or 11:00 P.M. on May 30, 1961, an employee of defendant had parked the tow truck with the brake set and the key in the ignition switch at a point on the private driveway of defendant's auto repair shop, junkyard and service station about 50 feet from the westbound lane of the highway; that the tow truck was so placed between the gas pumps and other parked vehicles that it could not possibly have drifted onto the highway, and that no one connected with defendant or his business moved the truck or authorized any other person to move it after it was so parked. A state trooper investigating the accident found the manifold and crankcase oil of the tow truck still warm about thirty minutes after the accident and further found skid marks of the truck on the highway indicating that the truck's emergency brake was set at the time of impact. Although there was evidence to indicate that defendant had theretofore reported to the State police the theft of auto parts from his business premises, there was no evidence to show that any theft or unauthorized moving of a motor vehicle was known by the defendant to have occurred on his premises prior to the

night of the accident. It appeared from the testimony that because the truck was used as an emergency vehicle, it was always parked, with the key in the ignition switch, on defendant's service station premises within about 50 feet of heavily traveled U. S. Route 40, and thus readily available to any one of defendant's several employees who might need to use it.

 In this action brought under the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332, involving an accident which occurred in Maryland, the law of that state must govern. Pertinent here is article 66½, section 247, Annotated Code of Maryland (1957), which provides:

"§ 247. Unattended motor vehicle.

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway."

At the trial the District Court held as a matter of law that Driever had violated this statute and was negligent in failing to remove the ignition key but submitted the questions of proximate cause and contributory negligence to the jury. Upon motion, the court later granted judgment n. o. v. in favor of defendant but did not disclose its reasons therefor in either an oral or written opinion.

The issues presented by this appeal are whether, under Maryland law and the facts as shown, the leaving of the key in the ignition switch of defendant's unattended tow truck can be held (1) to breach a statutory duty of care owed by defendant to plaintiff, and (2) to be the proximate cause of plaintiff's injuries.

The case most helpful in determining the principles of Maryland law governing this case is Liberto v. Holfeldt, 221 Md. 62, 155 A.2d 698 (1959). There

the plaintiff sought recovery on the theory that defendant was negligent in leaving the key in the ignition switch of her parked car in violation of the unattended motorist statute, art. 66½, § 247, supra, and that this negligence was the proximate cause of plaintiff's injuries. The facts were that the defendant left the key in the ignition switch of her automobile which she had parked on a city street for a very short time and when she returned the car was gone. The plaintiff was injured five days later at a considerable distance across Baltimore from the place where the car was parked when an unauthorized stranger, who was apparently the thief, negligently drove the defendant's car through a red light. The Maryland Court of Appeals stated that two interrelated questions were involved: (1) Did the act of violating the unattended motorist statute constitute a breach of a duty owed by the defendant to the plaintiff; and (2), if that be established, was the negligent act of leaving the key in the ignition switch the proximate cause of the injuries sustained? The court answered both questions in the negative and found the defendant free of liability.

Emphasizing the element of foreseeability throughout its opinion in Liberto, the court held that the injury sustained by the plaintiff was too remote, both in time and space, from the negligent act of the defendant in failing to remove the ignition key for any duty created by the statute to run to the benefit of the plaintiff. The meaning of the unattended motorist statute was explained in these words, 221 Md. at 66, 155 A.2d at 701:

"* * * The duty to the public created by the statute was primarily to protect against a theft of or tampering with a motor vehicle and to prevent them from moving under their own momentum should the brakes fail. Such duty, in all reasonableness, cannot be said to extend to all the world, but must be a foreseeable duty to a class of which the plaintiff was a member. [Citation

omitted.] If a duty not to injure was created by the statute, it must be one of more immediate foreseeability and not so remote as was the case here. In the recent case of Corinti v. Wittkopp, 1959, 355 Mich. 170, 93 N.W.2d 906, the Court in interpreting the effect of a statute almost identical with § 247, supra, stated [at page 909 of 93 N.W.2d]:

"'To our knowledge, no court has yet held such a statute * * to impose upon a driver a duty to remove his keys running to the benefit of any person whom a thief or his successor in possession might meet and injure hours, days or weeks after the theft.'"

In finding that the negligence of the defendant was not the proximate cause of the injury, the Liberto court emphasized the burden upon the plaintiff to show that the violation of the statute was the proximate cause of the injury and said, 221 Md. at 67, 155 A.2d at 701:

"* * * Again, we agree with the majority of the courts and hold that in this case the negligence of the defendant was not the proximate cause of the injury both on the basis that it was not foreseeable that the thief would be involved in an accident five days later and that the negligence of the thief was an independent intervening cause which was in fact the proximate cause of the accident."

In determining whether the law discussed in Liberto, supra, is applicable to the present case, it is necessary to consider several facts which distinguish this case from Liberto. Remoteness in time and space was found to be significant in the Liberto court's holding that no duty of care extended from the plaintiff to the defendant and that it was not foreseeable the thief would be involved in an accident five days later. In the case at bar, plaintiff's collision with the tow truck took place within six hours and only 150 feet from the position in which the last authorized driver had parked the tow truck. Another distin-

guishing fact is that the tow truck was parked on the private property of the defendant and not on a public street or highway as was the car of the defendant in the Liberto case. That the unattended motorist statute applies to public streets and highways is not open to question (see Liberto, supra; Hochschild, Kohn & Co. v. Canoles, 193 Md. 276, 66 A.2d 780 (1949)), but the Maryland Court of Appeals, insofar as we have been able to determine, has not definitely held that the unattended motor vehicle statute applies to a vehicle parked on private property. See Brill v. Wilbanks, 222 Md. 248, 159 A.2d 657 (1960), and Waltzinger v. Birsner, 212 Md. 107, 128 A.2d 617 (1957). It is true, as plaintiff contends, that in the Waltzinger case the court held the statute correctly stated the standard of due care to be observed when leaving a motor vehicle unattended on a roadway which visitors to a large convalescent home or home for the aged are invited to use. But no unauthorized person undertook to move the car in the Waltzinger case and the invitation to the public to use the nursing home's roadway was clearly general and factually distinguishable since, in the instant case, there was no implied invitation to use defendant's partially blocked driveway at his unlighted premises, not then open for business and late in the night.

█ Therefore, we cannot say whether the Maryland court would construe and apply the statute as establishing a standard of care under the particular facts of this case. The court below apparently concluded that a standard of care imposed by the statute was violated when it instructed the jury to accept, as proved, the fact that there was negligence on the part of the defendant. Whether the District Court adhered to or receded from this view in granting defendant's motion for judgment n. o. v. cannot be ascertained from the record, since the judge failed to disclose his reasons for granting the motion. In any event, it is not clear to us that the statutory standard of care would necessarily apply in this case. In view of the evidence adduced by the defendant to show a plausible reason for leaving the key in the tow truck and the sparsity of evidence to indicate that the theft of the tow truck was foreseeable, we believe the question of defendant's negligence in leaving the key in the ignition switch of the tow truck, parked on his own private property, was one on which reasonable men could differ and which should have been submitted to the jury for determination.

On the issue of proximate cause, however, the applicability of the law of Liberto, supra, to the facts of this case is apparent. There the negligence of the thief in driving the defendant's car through a red light was held to be both unforeseeable and an independent intervening cause which was the *proximate* cause of the accident. That this holding was an alternative basis for denying recovery to the plaintiff in Liberto, sufficient in itself to relieve the defendant of liability, is clear from the court's language, quoted supra, and from Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272 (1950), which was cited to support it. In Anderson the defendant parked his unlocked car on a public street with the keys in the ignition switch and the motor running in violation of a Minneapolis city ordinance, and the person who stole the car, while in flight from the scene of the theft, negligently drove the defendant's car into the decedent's car, causing decedent's death. The court held in effect that, even assuming the defendant's violation of the ordinance to be negligence, the thief's negligent driving was the proximate cause of the collision and any negligence of the defendant was too remote to constitute the proximate cause of the death. Also cited at this point in Liberto was the Maryland case of Bloom v. Good Humor Ice Cream Co., 179 Md. 384, 387, 18 A.2d 592 (1941), as supporting the proposition that where the negligence of one person is merely passive and potential and the negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and determines the liability. Oth-

er cases cited in Liberto as representing the view of the majority of the courts with which the Liberto court expressed its agreement also held that the negligent conduct of a thief was an intervening cause which the respective defendants were not bound to anticipate and guard against. See Galbraith v. Levin, 323 Mass. 255, 81 N.E.2d 560 (Mass. 1948); Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243 (Miss. 1956); Wannebo v. Gates, 227 Minn. 194, 34 N.W.2d 695 (Minn.1948); Slater v. T. C. Baker Co., 261 Mass. 424, 158 N.E. 778 (Mass.1927).[1]

█ The uncontradicted evidence in the instant case showed that the tow truck could not have been moved, without human manipulation, from its last parking place on defendant's property to the position on U. S. Route 40 where it was struck by McAllister's car; that it had not been parked on the highway by defendant or his employee; that its emergency brake was set at the time of the collision, and that its engine was warm thirty minutes after the accident. The only permissible inference to be drawn by the trier of fact from this evidence was that an unknown and unauthorized third person moved the tow truck from its safe position on defendant's private property and parked it without lights in the right westbound lane of U. S. Route 40 where it hazardously obstructed the right of way. Under the circumstances, the unauthorized action of the unknown person in leaving the tow truck unlighted and on the traveled portion of the highway was clearly negligent and in violation of the Maryland statutes. See art. 66½, §§ 244, 271 and 276, Annotated Code of Maryland (1957) (Supp. 1962), and cases there noted. Such negligence by an unknown third person was no more foreseeable to the defendant here than was the negligence of the various third party thieves and intermeddlers foreseeable to the respective defendants in Liberto and the above mentioned cases therein cited. In each of those cases the court held that any prior negligence of the defendant in leaving the key in the motor vehicle in violation of a statute or ordinance was too remote to be the proximate cause of the accident. We find the situation in the instant case sufficiently similar so that it should be governed by the reasoning of Liberto and the cited cases therein approved and

---

1. In Liberto, the Maryland Court of Appeals, in its footnote 1, 221 Md. at 66, 155 A.2d at 700, indicated that it had considered and rejected several out-of-state cases which were decided on the theory that theft and subsequent negligence in the use of the stolen vehicle were foreseeable and were proximate results of leaving the key in an unattended vehicle in violation of a statute or municipal ordinance. In Ross v. Hartman, 78 U.S.App. D.C. 217, 158 A.L.R. 1370, 139 F.2d 14 (D.C.Cir.1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944), one of the cases rejected in Liberto, the theft and accident occurred within two hours after the ignition key was left in the unattended truck, and it was held as a matter of law that the violation of the District of Columbia safety ordinance was negligence and a proximate cause of plaintiff's injuries because it created the hazard and thereby brought about the harm which the ordinance was intended to prevent. The further comment was made: "The fact that the intermeddler's conduct was itself a proximate cause of the harm, and was probably criminal, is immaterial." (139 F.2d at 16.) In Ostergard v. Frisch, 333 Ill.App. 359, 77 N. E.2d 537 (Ill.App.1948), also rejected, the accident occurred six and one-half blocks from the place of theft, and it was held that a jury could find the violation of the safety statute was the proximate cause of the plaintiff's injuries, the court explaining, " * * * *a statute may by its obvious intent enlarge upon the general definition of proximate cause.*" The Liberto court also noted Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74 (1954), and Garbo v. Walker, Ohio Com.Pl., 129 N.E.2d 537 (C.P., Ohio 1955), in both of which the thief was fleeing the scene in the stolen automobile when the accident occurred and where causation and foreseeability were held to be jury questions. The rejection of these cases by the Maryland Court of Appeals is a further indication of its acceptance of the view that the intervening actions of a thief break the causal chain, leaving neither foreseeability nor proximate cause for jury determination.

followed. The negligence of the unknown and unauthorized driver was an independent intervening cause which was the proximate cause of the collision and plaintiff's injuries.

In order to sustain his cause of action, it was incumbent upon plaintiff to show not only that defendant owed him a duty of care and breached it, but also that the breach of that duty had not been interrupted by a break in the chain of causation. We are of the opinion that plaintiff failed to prove that the leaving of the key in the tow truck was the proximate cause of the accident. Therefore, under the applicable law of Maryland, the action of the trial court in granting defendant's motion for judgment n. o. v. was proper.

Affirmed.