Matthias, J.
The question raised in these cases is whether the violation of a city ordinance prohibiting the leaving of an unattended automobile without locking the ignition and removing the key renders the owner thereof liable for injuries resulting from the operation of such automobile by a thief.
It is a basic prerequisite that in order to recover for an alleged negligent injury the act complained of must be the direct and proximate cause of the injury. 39 Ohio Jurisprudence (2d), 525, Negligence, Section 26.
For an act to be the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of such act. Foss-Schneider Brewing Co. v. Ulland, 97 Ohio St., 210.
To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act. As is said in Miller v. Baltimore & Ohio Southwestern Rd. Co., 78 Ohio St., 309, at page 325, “the rule is elementary, that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act.”
This brings us to the issue in the instant cases. Could de *115 fendant reasonably have foreseen or anticipated that by leaving his key in his car that it would be stolen, and if stolen, would be operated in a negligent manner so as to cause injury to a member of the public?
The mere statement of the question shows that to hold defendant liable would require him to have anticipated not one but two probable consequences as a result of his leaving his key in his car. He must have foreseen, first, that his car would be stolen, and, second, that the thief would operate the car in such a negligent manner as to cause an injury to some member of the public.
Statistics show that of the 79,022,916 vehicles registered in the United States in 1962 only 356,000 thefts were reported, indicating that there is about 1 chance in 200 that a car will be stolen. Under such circumstances, it can hardly be found that one could reasonably anticipate that his ear would be stolen even if he left his key in his motor vehicle. Unfortunately no statistics have been found as to how many of the car thefts arose as a result of the keys being left in the cars. However, it is a matter of common knowledge that, althpugh a key might simplify the theft of a car, it is totally unnecessary to the thief. It takes only a minute for anyone conversant with the mechanics of a motor vehicle to start the engine with a short piece of wire.
Even if a person could anticipate that his car would be stolen, he could not reasonably anticipate that such vehicle would be operated in such a manner as to cause an accident.
The proximate cause of the injuries in the instant cases was the negligent act of the thief in the operation of the vehicle. Thus, even assuming negligence on the part of the defendant in the first instance in leaving his key in the vehicle in violation of the ordinance, the chain of causation was broken by the negligence of the thief in operating the vehicle. In other words, there was an efficient intervening cause, a new and independent force which severed the chain of causation. It is said in Clements v. Tashjoin, 92 R. I., 308, 315, 168 A. (2d), 472:
“* * * The negligence on his part, if any, was not a direct and proximate cause of her injury but was merely a condition or circumstance which did not operate to cause any injury to the plaintiff except for the intervening independent negligence of *116 the thief. Such negligence the defendant was not in law bound to foresee as a natural and probable consequence of his violation of the statute.”
The mere ownership of an automobile does not make the owner thereof an insurer of the public in relation to the operation thereof by a third person. Indeed, it is only when the owner entrusts such car to an incompetent driver or where the driver is acting as the agent for the owner that any liability attaches to the owner for acts of a third person. Thus, even with permissive use a motor-vehicle owner has only a very limited liability for acts of a third person. It would be beyond the realm of reason to attach liability to an owner for acts of a nonpermissive user, a thief.
Thus, the violation by the operator of a motor vehicle of a city ordinance prohibiting the leaving of an unattended motor vehicle without locking the ignition and removing the key does not impose liability on such operator for the negligent operation of such vehicle by a thief, causing injuries to a third person. Hersh v. Miller, 169 Neb., 517, 99 N. W. (2d), 878; Richards v. Stanley, 43 Cal. (2d), 60, 271 P. (2d), 23; Permenter v. Milner Chevrolet Co., 229 Miss., 385, 91 So. (2d), 243; Corinti v. Wittkopp, 355 Mich., 170, 93 N. W. (2d), 906; Lambotte v. Payton, 147 Colo., 207, 363 P. (2d), 167; Liberto v. Holfeldt, 221 Md., 62, 155 A. (2d), 698; Clements v. Tashjoin, supra.
The judgments of the Court of Appeals are, therefore, affirmed.

Judgments affirmed.

Taft, C. J., Zimmerman, O’Neill, Grieeith and Herbert, JJ., concur.
Gibson, J., concurs in the syllabus and judgments.