## McGOWANS *v.* HOWARD, Minor, et al., BLAKE, Minor et al. and PARKER

[No. 219, September Term, 1963.]

*Decided March 11, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Ridgely P. Melvin, Jr.,* with whom were *James L. Wray* and *McWilliams & Melvin* on the brief, for appellant.

*Richard C. Whiteford,* with whom were *Due, Whiteford, Taylor & Preston* on the brief, for Daniel M. Parker, one of the appellees.

No brief and no appearance for other appellees.

HENDERSON, J., delivered the opinion of the Court.

Two young girls were struck by an automobile driven by Daniel Parker while they were standing near the rear entrance

to Bates High School. Through their mothers and next friends they each sued Parker and Claude McGowans, the driver of another car, and the cases were consolidated for trial. At the close of the case the court instructed the jury that Parker was negligent as a matter of law, and denied McGowans' motion for a directed verdict. Parker did not appeal. The sole question presented in this appeal is whether there was legally sufficient evidence of McGowans' negligence.

Bates High School is owned and operated by the Board of Education of Anne Arundel County as a part of the public school system. The building fronts on Smithville Street, at the southeast corner of its intersection with South Villa Avenue. Behind the building is an area for recreation and parking, paved with gravel or cinders with playing fields to the north. There is a blacktop driveway along the rear of the building and a turn-around circle at the eastern end. Paving material was piled in this circle at the time of the accident. There is a parking area on the east side of the building. The driveway is not a part of any public road or street system, and there were no directional signs or markings. There were no school rules or regulations with respect to traffic flow around the circle, but there was testimony that it was the practice to "go to the right and turn the circle." School buses did so in order to bring the right hand door next to the rear entrance for loading and unloading. There was testimony that most vehicles, but not all, went to the right around the circle when turning to go out.

The accident occurred at about 3:20 P.M. School had let out at 3:00 P.M. Parker drove into the school grounds and around the circle counterclockwise at a speed of about 15 miles per hour. He was driving a car belonging to a boy named Hall which he had taken without permission. Parker had no driver's license and had never driven a car "over a mile before." McGowans followed Parker into the school grounds, intending to park to the east of the building and watch a baseball game then in progress. He was about to enter the circle in a clockwise direction when he saw Parker coming around the circle and stopped. At that point there was an empty bus parked on his left and a car on his right. McGowans was about to back

up to allow Parker to pass and had shifted into reverse, when Parker suddenly accelerated and crashed into the left front of McGowans' car. Parker's car caromed off, jumped a curb and knocked over a sandbox, struck the appellees and finally came to rest between two and three hundred feet from the point of impact. Parker testified that he attempted to apply his brakes when he first saw McGowans but "hit the gas pedal instead." He would have been able to stop before colliding with Mc-Gowans' car if he had "hit the brake." All of the witnesses except Parker testified that McGowans' car was at a complete standstill before the collision, but Parker testified it was "moving" or "going slow."

The appellees argue that negligence on the part of McGowans can be predicated on an inference that he deliberately used his automobile to blockade Parker in the traffic circle. All the testimony was to the contrary. The mere fact that McGowans had been talking to Hall when Parker drove off in Hall's car is not enough to support the inference in the absence of any evidence that Hall asked McGowans for help in recovering his car. The evidence hardly rises above speculation or conjecture. The appellees' main contention is that McGowans was negligent in attempting to enter the circle in the wrong direction. But it is quite clear that the ordinary traffic rules do not apply. Cf. *Eastern Contractors v. Zinkand,* 199 Md. 250, 255. Exercise of due care may require passing on the right on a private road, but McGowans had stopped before entering the circle and we think no inference of negligence can be drawn from the mere fact that he intended to enter in a clockwise direction in order to reach the parking area to the east.

Even if we assume, without deciding, that some inference of negligence could be drawn from the fact that the appellant drove up and stopped where he did, and thus momentarily blocked the movement of the other car, we think it cannot reasonably be inferred that such action was the proximate cause of the appellees' injuries. Both sides rely upon the case of *Baltimore v. Terio,* 147 Md. 330, 336, but it is distinguishable on the facts. In that case the City appealed from a judgment recovered against it by a pedestrian who had been struck by a trash can placed so close to the curb that it was struck by the hub of a

passing truck. It was held that the question whether the result could reasonably have been foreseen was for the jury under the circumstances. The court pointed out that the City knew of the danger and possible injury to persons on the sidewalk for it was shown that it had issued instructions to its employees to place the cans at such distance from the curb that they could not be struck by passing vehicles.

In the instant case we think it could not reasonably have been foreseen that McGowans' action in driving up and stopping where he did would cause injury to the appellees. The undisputed evidence is that Parker had ample room to stop, and could have stopped, without any collision, if he had applied his brakes instead of hitting the accelerator. It can hardly be said that McGowans should have anticipated such an extraordinary result. We think the cases of *Jubb v. Ford,* 221 Md. 507, and *Holler v. Lowery,* 175 Md. 149, are also distinguishable on the facts. Cf. *Parsons v. C. & P. Telephone Co.,* 181 Md. 502, 505, *Liberto v. Holfeldt,* 221 Md. 62, 67, and *Bloom v. Good Humor Ice Cream Co.,* 179 Md. 384, 387. See note on the *Jubb* case in 21 Md. L. Rev. 68.

In Prosser, *Torts* (2d Ed.), p. 274, *et seq.,* the learned author maintains that the whole doctrine of supervening or superceding cause is based on a false premise. The talk of proximate causation, he thinks, obscures the real issue; the question is one of negligence and the extent of the duty owed. "If the defendant can foresee neither any danger of direct injury, nor any risk from an intervening cause, he is simply not negligent. * * * The more unusual, extraordinary forms of negligent conduct of adults, against which the defendant was under no obligation to take precautions, have been held to be superseding causes: the reckless or unusual driving of vehicles, * * *." See also 2 Restatement, *Torts,* § 447 (c) (Comment g), and Note, 155 A.L.R. 157, 2 Harper & James, *The Law of Torts,* § 20.6, p. 1156, *et seq.* Under either test, we think McGowans was not obliged to anticipate the action of Parker in accelerating when he should and could have stopped before striking the appellant's car.

*Judgment reversed, with costs.*