SUMNER ᴇᴛ ᴀʟ. *v.* TRAVELERS IN-
DEMNITY COMPANY

[No. 390, September Term, 1963.]

*Decided July 3, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Charles L. Richards* for appellants.

*Joseph B. Simpson, Jr.,* with whom were *Simpson & Simpson, Vivian V. Simpson, H. Algire McFaul* and *Harry W. Lerch,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

On October 5, 1962, the appellants, Walter Lee Sumner and Ruby Lee Sumner, his wife, filed a declaration seeking a declaratory judgment in the Circuit Court for Montgomery County against the appellee, The Travelers Indemnity Company (Travelers), and the Unsatisfied Claim and Judgment Fund Board. The declaration alleged as follows. Since 1957, Travelers had insured the appellants against personal liability arising out of the use of their automobiles. The necessary transactions were carried on through the company's agent, C. D. James, until March 1962, at which time James informed the appellants that he was no longer Travelers' agent and that their account would thereafter be handled by a new agent, John Novak. The appellants contacted Novak and were informed by him that he was Travelers' agent and would be handling their account. On March 7, 1962, the appellants went to see Novak and obtained from him UCJ-1 forms [1], certifying that as of that date they

---

1. The appellants were required to file the UCJ-1 forms with the Commissioner of Motor Vehicles to obtain license plates and registration cards for their cars, if they were to avoid making a payment to the Unsatisfied Claim and Judgment Fund. The following wording, *inter alia*, appears on the face of the UCJ-1 form: "NOTICE OF INSURANCE. As provided by Secs. 150-177 incl., of Article 66½ A.C. [Annotated Code] of Md., 1957 ed., this is to certify that as of this date there has been issued a Policy, identified below, of Bodily Injury and Property Damage Liability In-

were insured by Travelers against personal liability resulting from use of their automobile. The appellants thereafter used the UCJ-1 forms obtained from Novak to procure license plates and registration cards for their automobiles. On March 9, 1962, the appellant, Walter Lee Sumner, was involved in an automobile accident which resulted in the death of a pedestrian. Shortly after the accident he contacted Novak and was informed, for the first time, that his policy had expired on June 19, 1961, due to non-payment of premium. The appellants denied having received any notice of cancellation or of premiums due, and claimed that they were under the impression that their previous policy was still in force and that the premiums were current. The declaration then alleged that because of these facts, Travelers was estopped from denying the existence of a policy insuring the appellants at the date of the accident. It was then prayed that the court enter a declaratory judgment "as regards the question of the existence of a policy * * * and as regards any obligation * * * to insure * * * against loss due to automobile accident, said obligation being created by estoppel."

Travelers filed an answer to the declaration in which, *inter alia,* it denied that Novak was its agent in matters of casualty or automobile liability insurance, or authorized to act as alleged, and further asserted that there was no policy of insurance in existence at the time of the accident, and that no authorized agent had issued UCJ-1 forms to the appellants, as alleged in the declaration. After taking the deposition of the appellant, Walter Lee Sumner, Travelers filed a motion for a summary judgment based on the fact that the last policy of insurance issued to the appellants had expired on June 19, 1961, and on Sumner's admissions in his deposition that he had not paid premiums subsequent to that date, and that he realized if he did not pay premiums, he would not be covered by insurance. The appellants filed an affidavit and statement in opposition to the motion for summary judgment, but, after a hearing, the lower court granted the motion "since all material facts are undisputed except for the question of agency, which is con-

surance in the amounts specified by Sec. 122 of Art. 66½ and that such Policy has not been terminated or cancelled."

ceded for the purposes of this action". The court ruled that "no theory of estoppel can be invoked from the facts here alleged". The appellants entered this appeal from the judgment.

The pleadings and affidavits, as summarized above, show a genuine dispute as to whether Novak was Travelers' agent, whether he was authorized to act as alleged, and whether any authorized agent had issued a UCJ-1 form. Since such questions were material issues of fact under the appellants' theory of suit, we must agree with them that the lower court improperly granted the motion for summary judgment. Maryland Rule 610 d. While Travelers relies strongly on the fact that there was no dispute that the only policy the appellants had paid premiums on and actually had in their possession, expired prior to the accident, the appellants' suit was founded, at least in part, upon estoppel to deny that a policy called for in the UCJ-1 form had been issued. Thus, whether the policy for the previous year had expired is not a controlling factor.

This Court has said many times that the summary judgment rule "was not designed as a substitute for a trial or to decide an issue of fact, but merely provides for a hearing to determine whether there is an issue of fact to be tried", *Levine v. Moreland*, 229 Md. 231, 236, 182 A. 2d 484 (1962), and cases cited. As stated in *Carroccio v. Thorpe*, 222 Md. 38, 43, 158 A. 2d 660 (1960), "the purpose of a hearing on a motion for a summary judgment is not to determine disputed facts, but to determine whether there are disputed facts". When the lower court treated the question of agency as "conceded for the purpose of this action", and ruled that estoppel could not be invoked under the facts alleged, it went beyond the scope of inquiry which is permissible on a motion for summary judgment. In effect, its action amounted to a ruling on demurrer, rather than an inquiry to determine whether there were material facts in dispute. Since certain material facts were in question, the judgment appealed from will be reversed and the case remanded.

The appellants have also attempted to raise the question of whether the doctrine of estoppel is applicable in this case, but since the case must be remanded for further proceedings, it would be premature at this time to reach the question of whether or not there were sufficient facts to create an estoppel, and there-

484

fore we express no opinion with regard thereto. Cf. *Levine v. Moreland, supra,* at p. 237 of 229 Md.

> *Judgment reversed and case remanded for further proceedings; costs of this appeal to be paid by the appellee.*