SCHWIEGERATH ET AL. *v.* BERGER

[No. 89, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-.MOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*William A. Hegarty,* with whom were *J. Calvin Carney* and *Patrick A. O'Doherty* on the brief, for the appellants.

*George D. Solter,* with whom were *Due, Whiteford, Taylor & Preston* on the brief, for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

This appeal is from a summary judgment entered for one of the defendants, Mr. Berger, in a case arising out of an automobile collision that occurred on April 13, 1961. The declaration was filed by the appellants claiming damages for injuries to Mrs. Schwiegerath, a passenger in a car operated by Mrs. Krebs, against Mrs. Krebs and the operator of a second car, Mr. Berger. After general issue pleas had been filed interrogatories were sought and answered by Mrs. Schwiegerath, Mrs. Krebs and Mr. Berger, and depositions taken. Appropriate motions with supporting affidavits were then filed. A careful reading of the deposition testimony convinces us, as it did the trial court, that there is no genuine dispute as to any material fact, and no question of credibility.

Prior to the collision, Mrs. Krebs was proceeding east on Sinclair Lane, a 28-foot street with two-lane traffic in each direction. She testified she stopped at Erdman Avenue, a 70-foot street with 6 lanes of traffic, for a red light. Cars coming south crossed in front of her. Her car, however, barged into Erdman Avenue against the red light, passed in front of a milk truck standing in the northbound lane next to the island in the center, and crashed into the Berger automobile. She testified flatly: "* * * I know I was stopped and that the light had not yet turned green when my car took off." This testimony was undisputed. Her passenger could not say whether she stopped, or whether the light was red, but did say Mrs. Krebs told her the next day her car "went out of control." Mr. Berger testified he was going north on Erdman Avenue and the light turned green in his favor when he was some distance away. Cars crossed ahead of him and cars crossed from the opposite direction. He passed a milk truck that had stopped preliminary to making a left turn into Sinclair Lane. When about 20 feet beyond the

truck, Mrs. Krebs crashed into the left side of his car. He did not see her car until the moment of impact. There was no evidence that either car was speeding.

Upon the undisputed facts we think the case is properly one for summary judgment. Cf. *Evans v. Johns Hopkins Hosp.*, 224 Md. 234, and *Sumner v. Travelers Indemnity*, 235 Md. 480. We think it is clear under the authorities that the proximate cause of the accident was the sudden and unlawful entry of the Krebs' car into the intersection against the red light. See Code (1957), Art. 66½, sec. 193(a) (1). Berger was not obliged to anticipate the eventuality that happened. *Eastern Contractors v. State*, 225 Md. 112, 121; *Baltimore Transit Co. v. Presberry*, 233 Md. 303, 306; cf. *Schwartz v. Price*, 215 Md. 43, 48. The cases of *Valench v. Belle Isle Cab Co.*, 196 Md. 118, and *Sklar v. Southcomb*, 194 Md. 626, are readily distinguishable. The fact that Berger did not see the other car sooner is immaterial. If he had seen it he could have properly assumed that it would remain in a place of safety and yield the right of way as the law required.

The appellants argue that the summary judgment should not have been granted because the record shows there was another eye witness whom the appellants might have produced at the trial. Apparently this was the driver of the milk truck, who lived in Pennsylvania. But the appellants admit that the witness died on December 3, 1961, long before suit was filed in 1963. It is clear that he could not have been available as a witness at the trial, even if we assume that his testimony would have been helpful to the appellants. There is no suggestion that it would have been, nor is it suggested that there were any other witnesses to the accident. We think the summary judgment was properly granted.

*Judgment affirmed, with costs.*