## OWENS AND ERNEST, Etc. *v.* SIMON

[No. 44, September Term, 1966.]

*Decided February 10, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and FINAN, JJ.

*Matthew Swerdloff,* with whom was *Myer E. Grossfield* on the brief, for Lewis Owens, part of appellants; and by *Frank Cannizzaro, Jr.,* with whom were *Dashner & Cannizzaro* on the brief, for Dorothy M. Ernest, etc., other appellant.

*A. Heaton Nash,* with whom was *Thomas D. Washburne* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

Appellants, Dorothy M. Ernest (plaintiff below) and Lewis Owens (defendant below), have taken this appeal from an order of the Superior Court of Baltimore City granting summary judgment in favor of appellee (defendant below), Ferman Simon.

On June 13, 1964, appellee was involved in an automobile accident with appellant Owens. The accident occurred at the intersection of Pearl and Saratoga Streets in the City of Baltimore when appellee, operating his vehicle north on Pearl Street, failed to halt for a stop sign and collided with a vehicle owned and operated by Owens, traveling in a westerly direction on Saratoga Street. Charles R. Ernest, a Baltimore City police officer, arrived at the scene in response to a call from Owens and proceeded to investigate the accident. Officer Ernest instructed Owens to move his vehicle out of the intersection. When Owens re-entered his car, the transmission indicator was in park and the engine was off. Owens turned the ignition key to start the car and the vehicle moved backward. Owens then applied his brakes and shifted the transmission indicator to neutral, whereupon the car moved forward at a rapid rate of speed striking Officer Ernest and appellee Simon who were standing in front of the vehicle. As a result of being hit by Owens' vehicle, Ernest sustained serious injuries from which he died on January 20, 1965, some eight months later.

Appellant Ernest, as a widow and administratrix of decedent's estate, filed suit againt appellant Owens for personal injuries resulting in the death of her husband. Owens filed a third-party claim against appellee alleging in substance that Simon's negligence in causing the first accident was the sole proximate cause or, in the alternative, a contributing cause of decedent's death. Thereafter plaintiff filed an amended declaration naming both Owens and Simon as defendants. Defendants filed general issue pleas to the amended declaration, and thereafter appellee moved for summary judgment. Answers to the motion for summary judgment, accompanied by supporting affidavits, were filed by the plaintiff and co-defendant. On February 23, 1966, appellee's motion for summary judgment was granted; the lower court finding:

> "It is clear to the Court from all the pleadings that there is no dispute of fact as to the part allegedly played by said Defendant, Ferman Simon, regarding the accident. It is also true from said undisputed fact that the alleged negligence on the part of said Defen-

dant was not the approximate (sic) cause of the accident complained of."

This case presents the following questions to be decided by this Court:

1. Viewing the pleadings, affidavits in support of answers to the motion for summary judgment and the answers to interrogatories, in a light most favorable to the appellants, was it proper for the court to grant appellee's motion for summary judgment? (Rule 610 a)

2. Did the negligence of the appellee Simon breach any duty that he owed to the decedent? and

3. Can any reasonable inference be drawn from the facts to show that the negligence which caused the first accident was the proximate cause of the second accident resulting in the fatal injury to the decedent?

I

A reading of the pleadings, the appropriate answers, the supporting affidavits accompanying them and the answers of Simon to interrogatories filed by Owens, establishes beyond any cavil that there was no dispute between the adversary parties in this tort action, as to any material fact. The matter therefore falls within the purview of Maryland Rule 610 a, which expressly provides for summary judgment where: (1) there is no dispute as to a material fact; and (2) the moving party is entitled to judgment as a matter of law. The Court is of the opinion that both of the aforementioned elements, the presence of which are essential for the granting of summary judgment, are present and satisfied in this case.

One need go no further than *Schwiegerath v. Berger*, 237 Md. 68, 205 A. 2d 290 (1964) and *Evans v. Johns Hopkins Univ.*, 224 Md. 234, 167 A. 2d 591 (1961) as authority, both of which involved tort actions. In *Schwiegerath, supra* p. 69, the undisputed facts from the pleadings compelled the conclusion as a matter of law that the defendant was entitled to judgment as a favored driver under the Boulevard Rule. Chief Judge Henderson, speaking for the Court, said:

"The declaration was filed by the appellants claiming damages for injuries to Mrs. Schwiegerath, a passen-

ger in a car operated by Mrs. Krebs, against Mrs. Krebs and the operator of a second car, Mr. Berger. After general issue pleas had been filed interrogatories were sought and answered by Mrs. Schwiegerath, Mrs. Krebs and Mr. Berger, and depositions taken. Appropriate motions with supporting affidavits were then filed. A careful reading of the deposition testimony convinces us, as it did the trial court, that there is no genuine dispute as to any material fact, and no question of credibility."

In *Evans, supra,* where a student was injured as a result of an explosion in a chemistry laboratory at Johns Hopkins University, the lower court found from the undisputed facts that although it might have appeared that primary negligence existed on the part of the University, the facts spelled out the defense of assumption of risk and this Court, in an opinion by Chief Judge Brune, affirmed the lower court.

The cases relied upon by the appellants, *Levine v. Moreland,* 229 Md. 231, 182 A. 2d 484 (1962) and *Sumner v. Travelers Indemnity,* 235 Md. 480, 201 A. 2d 775 (1964), are readily distinguishable from the case at bar. *Levine,* a censorship case, contained a disputed question regarding "obscenity" and *Sumner,* concerned with the existence of a public liability insurance policy, turned on an unconceded fact pertaining to agency.

In the instant case the appellants contend that the facts well pleaded show that Simons was guilty of negligence in violating the Boulevard Rule by proceeding through the stop sign on Pearl Street into Saratoga Street thereby colliding with Owens' vehicle damaging its transmission, and that this negligence was the proximate cause of the fatal injury to Officer Ernest. The appellants further contend that the question of proximate cause is a jury question, and quote Judge Burke's opinion in *Penn. Steel Co. v. Wilkinson,* 107 Md. 574, 582-83, 69 A. 412, 415 (1908), wherein he in turn quoted *Milwaukee, Etc. Railway Co. v. Kellog,* 94 U. S. 469, 474 (1876): "The true rule is, that what is proximate cause of an injury is ordinarily a question for the jury. It is not a question of science, or legal knowledge."

As a general rule this is true; but where, as here, there is no dispute as to what *actually happened* and where reasonable minds can draw but one inference from the facts as presented, the trial court may resolve the issue in dispute as a matter of law. *Liberto v. Holfeldt,* 221 Md. 62, 67, 155 A. 2d 698, 701 (1959); Restatement (2nd), Torts § 434, comment c (1965). Hence we feel that this case was properly one for summary judgment.

## II and III

The Court is well aware that the theory of negligence predicated on a breach of duty owed by the defendant to a foreseeable plaintiff, and that of proximate cause have been held distinguishable by courts as well as by eminent legal scholars. *McGowans v. Howard,* 234 Md. 134, 138, 197 A. 2d 915, 917-18 (1964); the helpful opinion of Judge Horney in *Liberto v. Holfeldt, supra; Resavage v. Davies,* 199 Md. 479, 86 A. 2d 879 (1952); and *Prosser, Torts,* § 49, pp. 282-83, and § 51, p. 320, *et seq.* (3rd ed. 1964). In reading Prosser one takes away the thought that he would eliminate the theory of proximate causation, as a confusing matrix of events, and supplant it with the concept of negligence and the extent of the duty owed.

However, this Court does not believe the two theories are mutually exclusive and as Judge Henderson (later Chief Judge) thought in *McGowans, supra,* either test can be used. In the case at bar we feel that they are wed. We do not believe that Officer Ernest was a foreseeable plaintiff; nor do we feel that the negligent conduct of the appellee, which caused the first accident, was the proximate cause of the second accident resulting in the fatal injury to the decedent.

For liability to attach to the appellee, it is necessary for the plaintiff to show that the decedent was a member of a class designed to be protected from defendant Simon's negligent failure to obey the stop sign. The Boulevard Rule rests on Art. 66½, § 233 Code (1957), and it is designed to protect vehicles and persons lawfully entering or in an intersection. The zone of danger is the intersection. Officer Ernest was not in or near the zone of danger when the accident occurred In fact he was summoned to the intersection by the call that appellant

Owens made to the police department. Once he arrived at the scene of the accident, the parties acted at his direction.

The appellee could not have reasonably foreseen that his negligence in driving through a stop sign at an intersection would occasion the death of a police officer who was called to the intersection some time later. As was said by Chief Judge Cardozo in *Palsgraf v. Long Island R. Co.,* 162 N. E. 99, 100 (N. Y. 1928) : "the orbit of the danger as disclosed to the eye of reasonable vigilance would be the orbit of the duty."

Judge Horney in *Liberto v. Holfeldt, supra* p. 66, a case wherein the plaintiff was injured by an automobile driven by a thief who had easy access to the vehicle because the defendant had violated Art. 66½, § 247, by leaving the ignition key in an unattended vehicle, made the following observation :

> "The duty to the public created by the statute was primarily to protect against a theft of or tampering with a motor vehicle and to prevent them from moving under their own momentum should the brakes fail. Such duty, in all reasonableness, cannot be said to extend to all the world, but must be a foreseeable duty to a class of which the plaintiff was a member. See *Resavage v. Davies,* 199 Md. 479, 487, 86 A. 2d 879, 883 (1952)."

See *Brill v. Wilbanks,* 222 Md. 248, 159 A. 2d 657 (1960).

In *McGowans v. Howard, supra,* the appellant entered the wrong way on a private school circular driveway and encountered a vehicle proceeding in the right direction. The operator of the other vehicle was an unlicensed driver who had never driven any motor vehicle more than a mile. Appellant started to back up to allow the other car to pass ; the other driver, while endeavoring to "apply his brakes * * * 'hit the gas pedal' " projecting his vehicle into that of the appellant's. He then "caromed off" the appellant's vehicle, jumped a curb, knocked over a sand box, struck the appellees injuring them, and came to rest almost 300 feet from the point of impact with appellant's car. This Court, in reversing the action of the lower court in its refusal to grant appellant a directed verdict, speaking through Judge Henderson, said:

"In the instant case we think it could not reasonably have been foreseen that McGowans' action in driving up and stopping where he did would cause injury to the appellees. The undisputed evidence is that Parker had ample room to stop, and could have stopped, without any collision, if he had applied his brakes instead of hitting the accelerator. It can hardly be said that McGowans should have anticipated such an extraordinary result. * * *

"In Prosser, *Torts* (2nd Ed.), p. 274, *et seq.,* the learned author maintains that the whole doctrine of supervening or superseding cause is based on a false premise. The talk of proximate causation, he thinks, obscures the real issue; the question is one of negligence and the extent of the duty owed. 'If the defendant can foresee neither any danger of direct injury, nor any risk from an intervening cause he is simply not negligent. * * *.' Under either test, we think McGowans was not obliged to anticipate the action of Parker in accelerating when he should and could have stopped before striking the appellant's car."

As heretofore stated, we do not think the appellee was obliged to anticipate that as a result of his collision with Owens, that Owens, in endeavoring to move his vehicle with a damaged transmission, would unwittingly project his car forward striking both Simons and fatally injuring a police officer called to the scene.

Nor is it the opinion of this Court that the negligence of the appellee was the proximate cause of the fatal injury to the decedent. We arrive at this conclusion both on the basis of what we have said before, that it was not foreseeable and because the appellee's negligence had come to rest and an independent intervening cause had taken dominion over the action, namely, the appellant Owens' act of attempting, at the direction of the decedent, to move his vehicle from the intersection.

In *Holler v. Lowery,* 175 Md. 149, 161, 200 A. 353, 358 (1938), Judge Offutt defined proximate cause thusly:

"There is no mystery in the doctrine of proximate cause. It rests upon common sense rather than legal

formula. Expressed in the simplest terms, it means that negligence is not actionable unless it, without the intervention of any independent factor, causes the harm complained of. It involves of course the idea of continuity, that the negligent act continuously extends through every event, fact, act, and occurrence related to the tortious conduct of the defendant, and is itself the logical and natural cause of the injury complained of."

See *Bloom v. Good Humor Ice Cream Co.*, 179 Md. 384, 387, 18 A. 2d 592, 593-94 (1941). Accord, *Mulligan v. Pruitt*, 244 Md. 338, 346-47, 223 A. 2d 574, 579 (1966).

From the classic case of the squib thrown into the market place to *Palsgraf, supra,* there is little in the field of tort law which is more intriguing than that of foreseeability and causation. Prolixity on this subject often ends in an exercise in semantics.

*Judgment affirmed, with costs.*