## FOLK *v.* BOSSLER, INFANT, ET AL.

[No. 130, September Term, 1969.]

*Decided December 23, 1969.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Daniel W. Moylan* and *David W. Byron,* with whom were *Cornelius David Helfrich* and *Bushong, Byron, Moylan & Urner* on the brief, for appellant.

*Darrow Glaser,* with whom was *Edwin F. Nikirk* on the brief, for Bernard Lewis Bossler, one of appellees; and by *Robert E. Kuczynski,* with whom were *Miller, Miller & Kuczynski* on the brief, for Roger Lee Malatt another appellee.

HAMMOND, C. J., delivered the opinion of the Court.

In a jury trial in Washington County, Bossler, a motorcyclist, recovered a judgment against the driver of a car, one Malatt, who had turned left immediately in front of him on U. S. Route 40A, and against the driver of a pickup truck, one Folk, waiting to make a left turn from a side road, Garis Shop Road, onto U. S. Route 40A. Malatt, who everybody agrees was negligent, did not appeal. Folk did, claiming that Judge McLaughlin erred in denying his motions for directed verdicts, and for a judgment n.o.v.

The plaintiff Bossler called Malatt as his witness in an attempt to show that Folk had been negligent. Malatt, seeking company in his liability misery, joins Bossler in arguing that Folk's actions induced Malatt to cross Route 40A when it was unsafe to do so and therefore Folk is responsible for the harm Bossler suffered. The actions relied on were first, the blocking by Folk's truck of Garis Shop Road and next, its backing up to open the road, the blocking having caused Malatt to slow up and the withdrawal having caused him to drive into the now open road. These arguments omit the fact that Malatt drove across Route 40A without looking to the west into the path of the hapless Bossler, who had continued to ride east with his companion Pennessi in the belief that Malatt would continue to honor his right of way and not suddenly drive into his path. (Pennessi swung his motorcycle to the left and avoided hitting Malatt's car.)

Considering the evidence and the permissible inferences in the light most favorable to the plaintiff Bossler as we must, we conclude that the acts or omissions of Folk were not, as a matter of law, a proximate cause of Bossler's injuries. In the light most favorable to Bossler this is the sequence of material and pertinent events. Malatt was driving west on Route 40A on his way home from work, intending to turn left into Garis Shop Road which ends at Route 40A. He began his turn well east of a projection of Garis Shop Road directly across Route 40A at a point where he could not see into the road because a white house on the corner blocked his view. He looked once to the west to see if traffic was coming east and saw none. He did not look to the west again and did not see either Bossler or Pennessi or a car behind them come over the hill 340 feet away, proceeding below the speed limit. His attention from the time he first looked west and saw nothing was directed to Garis Shop Road and Folk's truck and he travelled fifty to sixty feet without again looking to the west. Garis Shop Road had no line markings. The left front of the Folk truck was a few inches over the center and pointed slightly west, preparatory to turning left into Route 40A. Malatt either stopped or slowed almost to a halt when he saw this, and then Folk backed his truck several feet to give Malatt more room. Malatt says he could not have made the turn unless Folk had backed because the truck was blocking his entrance into Garis Shop Road. The photographs and the surveyor's plat in evidence refute this claim. All witnesses agree that the truck never entered nor was on Route 40A; it was from ten feet back to "close" to the edge of Route 40A. Depending on where Folk was, at the least some 24 feet of the widening flare of Garis Shop Road as it met Route 40A would have been available to Malatt's car; at the most some 40 feet would have been unobstructed.

To us it is clear that the cyclist Bossler was caused to strike Malatt's car because Malatt failed to look for oncoming traffic as he angled toward Garis Shop Road. Code

(1967 Repl. Vol.), Art. 66½, § 225 (b) (the statute), provides:

> "Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."

The statute requires one to make a square left turn, does not permit one to cut the corner. Malatt violated the statute and, thinking his path was blocked, he stopped or slowed down until Folk backed up, and then without ever looking west again started across Route 40A. If he had obeyed the statute, he would have had a direct route to the west side of Garis Shop Road and, if he thought the passing space on the road too narrow, could and should have remained on his side of Route 40A until it was safe to cross its eastbound lane.

Folk's truck may have been inches further to the west of the center of Garis Shop Road than the statute permits but, under any version, it would not have blocked passage into Garis Shop Road of one turning left off Route 40A in obedience to the statute. We think that Folk cannot be charged with foreseeing that his miniscule violation of the statute, if one there was, or his accommodating courtesy to Malatt in backing his truck would induce Malatt to come across the eastbound lanes of Route 40A without looking to see if he could do so safely.

The situation is much like that in *McGowans v. Howard*, 234 Md. 134, where it was argued that McGowans was negligent in attempting to enter a circle on public school grounds in the wrong direction. The operator of the other vehicle involved was an unlicensed driver whose experience was limited to driving a total of about one mile. McGowans stopped to allow the other car to pass. The inexperienced driver by mistake "hit" the ac-

celerator instead of the brake. His car caromed off McGowans' vehicle, jumped a curb, struck the plaintiffs who were standing near the rear entrance of Bates High School, and finally came to rest between two and three hundred feet from the point of impact. Judge Henderson (later Chief Judge) for the Court said (p. 138):

> "In the instant case we think it could not reasonably have been foreseen that McGowans' action in driving up and stopping where he did would cause injury to the [plaintiffs]. The undisputed evidence is that Parker had ample room to stop, and could have stopped, without any collision, if he had applied his brakes instead of hitting the accelerator. It can hardly be said that McGowans should have anticipated such an extraordinary result. * * *
>
> "In Prosser, *Torts* (2d Ed.), p. 274, *et seq.*, the learned author maintains that the whole doctrine of supervening or superseding cause is based on a false premise. The talk of proximate causation, he thinks, obscures the real issue; the question is one of negligence and the extent of the duty owed. 'If the defendant can foresee neither any danger of direct injury, nor any risk from an intervening cause, he is simply not negligent. * * * The more unusual, extraordinary forms of negligent conduct of adults, against which the defendant was under no obligation to take precautions, have been held to be superseding causes: the reckless or unusual driving of vehicles, * * *.' See also 2 Restatement, *Torts* § 447 (c) (Comment g), and Note, 155 A.L.R. 157, 2 Harper & James, *The Law of Torts,* § 20.6, p. 1156, et seq. Under either test, we think McGowans was not obliged to anticipate the action of Parker in accelerating when he should and could have stopped before striking the appellant's car."

Apposite here, too, is *Owens v. Simon,* 245 Md. 404, 409, wherein the titled parties had an automobile accident. A traffic policeman arrived and instructed Owens to move his vehicle out of the intersection. In attempting to do this, Owens drove the car into the officer. Judge Finan for the Court said:

> "The Court is well aware that the theory of negligence predicated on a breach of duty owed by the defendant to a foreseeable plaintiff, and that of proximate cause have been held distinguishable by courts as well as by eminent legal scholars. *McGowans v. Howard,* 234 Md. 134, 138, 197 A. 2d 915, 917-18 (1964); the helpful opinion of Judge Horney in *Liberto v. Holfeldt* [221 Md. 62, 155 A. 2d 698]; *Resavage v. Davies,* 199 Md. 479, 86 A. 2d 879 (1952); and *Prosser, Torts,* § 49, pp. 282-83, and § 51, p. 320, *et seq.* (3rd ed. 1964). In reading Prosser one takes away the thought that he would eliminate the theory of proximate causation, as a confusing matrix of events, and supplant it with the concept of negligence and the extent of the duty owed.
>
> "However, this Court does not believe the two theories are mutually exclusive and as Judge Henderson (later Chief Judge) thought in *McGowans, supra,* either test can be used. In the case at bar we feel that they are wed. We do not believe that Officer Ernest was a foreseeable plaintiff; nor do we feel that the negligent conduct of the appellee, which caused the first accident, was the proximate cause of the second accident resulting in the fatal injury to the decedent."

*See also* Figinski, *Foreseeable Intervening Negligence Not a Superseding Cause,* 21 Md. L. Rev. 68, and in this connection compare the facts in the case before us with those in *Jubb v. Ford,* 221 Md. 507, and both with *Mag-*

*gitti v. Cloverland Farms Dairy,* 201 Md. 528, and *Bloom v. Good Humor Ice Cream Co.,* 179 Md. 384.

The Restatement section cited in the quotation above from *McGowan*—now *Torts* 2d § 447—declares the law to be that where the initial actor's conduct was a substantial factor in bringing about harm a negligent intervening act is not a superseding cause that will discharge the initial actor if (a) the initial actor should have realized that a third person might so act, or (b) a reasonable man would not regard it as highly extraordinary that the third person had so acted, or (c) "the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent." We do not regard Folk's conduct as a substantial factor in causing Malatt to cross the road when he did, nor do we think that a reasonable man knowing the facts would not regard Malatt's action as extraordinary or his course of driving extraordinarily negligent under the circumstances. As the Supreme Court of Pennsylvania said in the oft cited case of *Kline v. Moyer,* 191 A. 43, 46 :

> "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tortfeasor, and thereafter, by an independent act of negligence, brings about an accident, the first tortfeasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tortfeasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties."

Malatt left a place of safety after Folk had backed up

without making any observation to see if the road was clear. His negligence was the sole proximate cause of the harm suffered by Bossler. Folk's requests that he be held not liable to Bossler as a matter of law should have been granted.

*Judgment appealed from reversed, with costs.*