**52**

Robert HERRING et al., Appellants,

v.

Kenneth R. GARNETT, Appellee.

No. 15718.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 21, 1971.

Rehearing Denied Feb. 11, 1971.

Finis E. Cowan, Houston, for appellants; Baker, Botts, Shepherd & Coates, Houston, of counsel.

George E. Pletcher, Houston, for appellee; Helm, Jones & Pletcher, Houston, of counsel.

COLEMAN, Justice.

This is an appeal from a judgment entered on a jury verdict awarding damages for injuries sustained by the appellee, a police officer, when he was struck by an automobile while he was directing traffic.

Robert Herring, Jr., was driving an automobile owned by his father on the Gulf Freeway when a tire blew out. He coasted to a stop in his lefthand lane of traffic. At

that point there was no place for traffic to pull off the freeway on the left. Soon afterward Officer Garnett and his partner appeared in a police car and pulled in front of the Herring vehicle. Garnett got out of his car for the purpose of stopping traffic so that Herring could drive forward and across to the righthand side of the freeway to a parking lane. While Garnett was in the traveled portion of the freeway on this mission he was struck by a car which swerved out of the lefthand lane. Robert Lee Barlow, the driver of this car, had been unable to stop because of defective brakes.

The jury found that Herring, Jr., was negligent in leaving his car parked on the freeway, and that such negligence was a proximate cause of the incident made the basis of this suit. It found that the car was being operated on the freeway when its tires were defective; that, prior to the incident in question, Herring, Sr., knew, or in the exercise of ordinary care should have known, that the tires were defective; and that the driving of the car with defective tires was a proximate cause of the incident made the basis of the suit. The jury also found that Robert Lee Barlow knew, or in the exercise of ordinary care, should have known, that the brakes on the car he was driving were defective, and that driving the car with defective brakes was a proximate cause of the incident.

The trial court entered a judgment against Barlow, his employers, Robert Herring, and Robert Herring, Jr., jointly and severally. Only the Herrings have appealed.

On this appeal it is contended that neither appellant breached a duty owed to appellee; that there was no evidence that the tires on the Herring vehicle were in such condition that a blow out could be anticipated; that the action of Barlow in driving with defective brakes and striking appellee was, as a matter of law, an independent intervening cause breaking the chain of causation between the Herrings' actions and the accident; and that the jury's answers to the issues establishing negligence and proximate cause as to the Herrings were contrary to the great weight and preponderance of the evidence.

The Herring car was not completely disabled. It was illegally parked. The jury found that the act of leaving the car parked on the traveled portion of the freeway was negligent conduct. This finding is supported by competent evidence and is not contrary to the great weight and preponderance of the evidence. It is established that Herring, Jr., breached a duty owed to appellee, if appellee was a member of a class which might reasonably be expected to enter the zone of danger created by such negligent conduct.

Herring, Jr., testified that he decided to remain parked on the freeway until a policeman arrived on the scene. It reasonably could be anticipated that an officer would enter the zone of danger and remain there until the car was moved off the traveled portion of the freeway.

As Chief Justice Cardozo stated in Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253 (N.Y.1928); "the orbit of danger as disclosed to the eye of reasonable vigilance would be the orbit of the duty."

Before liability attaches to appellants, however, there must also be sufficient evidence to sustain the verdict that the acts of negligence found by the jury constituted proximate causes of the accident. The question of proximate causation in an analogous situation was carefully considered by the Supreme Court of Texas in Bell v. Campbell, 434 S.W.2d 117 (Tex.1968). In this case the plaintiffs were in the act of removing a trailer from a highway. The trailer had been knocked loose from the car pulling it by a collision. While they were so engaged the trailer was struck by another vehicle. The court stated the recognized rule that for a negligent act or omission to be the proximate cause of an injury, the injury must be the natural and probable result of the particular act or omission. It

then stated that when the active and immediate cause of the injury is an independent agency, the first inquiry is whether the intervening cause and its probable consequences were such as could reasonably have been anticipated by the original wrongdoer. The court recognized, however, that even though the intervening cause could not reasonably have been foreseen by one guilty of negligence creating a dangerous condition, he will not be insulated from liability if such condition was also an active and efficient cause of the injury.

The court stressed the difference between intervening causes and concurring causes. It pointed out that no issues were requested concerning negligence in failing to remove the trailer from the highway. The court stated: " * * * All acts and omissions charged against respondents had run their course and were complete. Their negligence did not actively contribute in any way to the injuries involved in this suit. It simply created a condition which attracted Payton, Bell and Bransford to the scene, where they were injured by a third party. Respondents' negligence was not a concurring cause of their injuries."

The negligence found by the jury on the part of Herring, Sr., had run its course and was complete. It did not actively contribute to the injuries involved here. It was not a concurring cause of the injuries.

■ On the other hand the negligent conduct of Herring, Jr., had not run its course, and did actively contribute to the injuries. This situation is analogous to that in Marshall v. Nugent, 222 F.2d 604, 58 A.L.R.2d 251 (1st Cir. 1955), which was distinguished in Bell v. Campbell, supra. In both cases the defendant's vehicle was negligently left standing in the highway, and the jury concluded that this caused the third party to swerve and strike the plaintiff. The conduct of Herring, Jr., constituted concurring negligence. The finding that such negligence was a proximate cause of· the accident is properly supported by the evidence. Missouri-Kansas-Texas R. Co.

of Texas v. McLain, 133 Tex. 484, 126 S.W.2d 474 (1939); City of Houston v. Hagman, 347 S.W.2d 355 (Tex.Civ.App.— Houston 1st Dist. 1961, writ refused, n. r. e.); McClellan v. Lee, 426 S.W.2d 635 (Tex.Civ.App.—Houston 1st Dist. 1968, no writ hist.); Lone Star Gas Co. v. Fouche, 190 S.W.2d 501 (Tex.Civ.App.—Ft. Worth 1945, ref., w. m.).

Appellants earnestly suggest that no motorist who is following reasonable instructions of an authorized law officer can be held to be negligent for his conduct in so doing. They suggest that the negligence of Herring, Jr., in leaving his car parked on the freeway terminated when the officers took charge of the situation. This contention is supported by the case of Owens v. Simon, 245 Md. 404, 226 A.2d 548 (1967). There the court held that the defendant was not "obliged to anticipate that as a result of his collision with Owens, that Owens, in endeavoring to move his vehicle with a damaged transmission, would unwittingly project his car forward striking both Simons and fatally injuring a police officer called to the scene." The court held that the negligence of the defendant in running a stop sign was not the proximate cause of the fatal injury to the policeman because that injury was not foreseeable, "and because the appellee's negligence had come to rest and an independent intervening cause had taken dominion over the action, namely, the appellant Owens' act of attempting, at the direction of the decedent, to move his vehicle from the intersection."

It does not appear from the evidence that any action was taken at the direction of Officer Garnett which in any manner caused the accident. No issue concerning contributory negligence on his part was submitted. Garnett was unable to testify. His partner on the scene did not know what Garnett did after he got out of the patrol car, or what he said to Herring, Jr. The testimony of Herring, Jr., is that of an interested witness. He testified that Garnett told him to get in his car and "I will direct you off the freeway." The police car was

parked in front of the Herring vehicle at an unspecified distance.

 The instructions given to Herring and the action taken as a result thereof cannot be said to be either a cause in fact, or a proximate cause, of the accident as a matter of law. The conduct of Barlow in pulling out of his lane of traffic was not the result of any directions given him by either of the officers. The conduct of the officers did not constitute an independent intervening cause of the accident.

Both of the Herrings testified that while they had from time to time looked at the tires on the vehicle involved in the accident, neither of them testified that he had examined them for defects. Neither had noticed anything defective about the tires. There was evidence that would support an inference that the extra tire was flat, but not an inference that this condition resulted from a blow out. Soon after the accident in question the Herrings, or one of them, purchased two new tires. A relatively short time thereafter Mr. Herring purchased three more new tires. The filling station employee who changed the tire after the accident testified that the tire which failed was smooth. Later he amplified this testimony by saying that some tread remained over all of the surface, but that it was worn more to the inside, and that it appeared to be the result of driving while the wheels were not properly aligned. The car had been driven about 8,500 miles and was seventeen months old. All the witnesses testifying on the matter agreed that 8,500 miles is less than half of the mileage to be expected from such tires. There was testimony that several conditions might cause blow outs including excessive wear.

 We conclude that there is no evidence to support the answer of the jury that Herring, Sr., knew or, should have known, that the tires were defective. The fact that most of the tread had been worn from the tires, and that the spare tire was flat, is not evidence that the body of the tires was so defective that a blow out could be anticipated. Unless Mr. Herring knew, or should have known, of a defect which was a cause in fact of the accident, his negligence, if any, in permitting the car to be driven on the freeway could not be a proximate cause of the accident.

The assignments of error not specifically discussed have been considered and are overruled.

The judgment of the trial court is reversed as to Robert R. Herring, Sr., and judgment is rendered that as to him appellee takes nothing. The judgment is otherwise affirmed.